Peter J. Cresci, Esq. (PC7693)
CRESCI & BLACK LLC
PO Box 74, 830 Avenue A
Bayonne, New Jersey 07002-0074
(201) 436-4126 Tel.
Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY M. TERRY, | § |
| | § |
| PLAINTIFF, | § |
| | § |
| V. | § CAUSE NO. 06-1788 (JAG) |
| | § |
| TOWN OF MORRISTOWN, | § |
| | § |
| DEFENDANT. | § |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

1. COMES NOW, Jeffrey M. Terry, Plaintiff in the above entitled lawsuit, and states the following as his complaint against the Defendant, Town of Morristown.

**I. PARTIES**

2. Plaintiff, Jeffrey M. Terry, is an individual who is a citizen of the State of New Jersey and resides in Morristown, New Jersey.

3. Defendant, Town of Morristown, is a town in New Jersey, authorized to do business in the State of New Jersey and may be served with process by serving a copy of the Summons and Complaint to: Matthew Stechauner, Clerk, 200 South Street, Morristown, New Jersey 07963-0914

1

## II. JURISDICTION

4. The Court has jurisdiction over the lawsuit, according to 28 U.S.C. §1331, because this action arises under the Americans with Disabilities Act (ADA) 42 U.S.C. § 12101 et seq., and the Rehabilitation Act of 1973, 29 U.S.C. §791 et seq.

## III. EXHAUSTION OF ADMINISTRATIVE PROCEDURES

5. Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on October 24, 2005; Charge No. 171-2006-00102. Plaintiff received a Notice of Suit Rights from the U.S. Equal Employment Opportunity Commission on January 20, 2006 and has timely filed this complaint within the ninety (90) day threshold.

## IV. STATEMENT OF FACTS

6. Plaintiff was an eligible candidate for the position of Police Officer with the Morristown Police Department. Plaintiff received a letter from Chief of Police on December 17, 2004 advising him that he is eligible for employment, based on successful completion of physical and psychological evaluations.

7. Plaintiff had previously held a position as Communications Officer with the Morristown Police Department from April 2002 until present. Plaintiff's outstanding experience in the Police field made him exceptionally eligible for the position of Police Officer.

8. Plaintiff held the de facto number one (1) position on the eligibility list as candidate for the position of Police Officer. As such, he was required to undergo a background psychological testing. Defendant, Town of Morristown, provided the Institute of Forensic Psychology the contract to supply psychological testing of candidates for employment.

9. Plaintiff, Mr. Terry, was interviewed, tested and examined at the Institute of Forensic Psychology (herein after, IFP) by an unlicensed and unqualified psychologist, Matthew Guller. Unlicensed psychologist, Mr. Guller, alleged in his examination that Plaintiff did not meet psychological standards for the position of Police Officer. Guller did not provide any substantial evidence or documentation to provide for Plaintiff's alleged disability. It has become apparent that Pete Demnitz, Chief of Police, faxed derogatory information to Matthew Guller to insure plaintiff would not be eligible.

10. This confidential, psychological examination was conveyed to Town of Morristown and Morristown Police Department who removed Plaintiff, Mr. Terry, effective February 22, 2005, from the eligibility list of Police Officer candidate. Also, Police Chief Pete Demnitz, of the Morristown Police Department, advised Plaintiff that he would not be attending the Police Academy on January 10, 2005.

11. On January 3, 2005, Plaintiff, Jeffrey Terry, had been psychologically examined by Dr. Bart Rossi, Ph.D, Diplomat, and found to be eligible for the position as Police Officer candidate. Dr. Rossi recommended Mr. Terry for the position and advised he would be "a fine addition" to any local Police Department. Dr. Rossi also stated that Plaintiff had the potential to make a positive contribution in the position sought and should be hired.

12. According to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., the decision made by Town of Morristown and Morristown Police Department was inconsistent under the ADA. In Plaintiff's psychological evaluation administered by Dr. Bart Rossi on December 29, 2004, it was stated that Plaintiff will have no problems intellectually or cognitively performing his duties as a Police Officer. Also, Plaintiff's character does not indicate any major psychological problems or issues.

13. Plaintiff was treated by Defendant as though he had a disability. Plaintiff was removed by Defendant from the eligibility list without detailed consideration and

research. Defendant did not provide a legitimate and substantiated reason as to why Plaintiff could not complete the basic Police Academy training course while accommodating the alleged disability.

14. In accordance with the Americans with Disabilities Act (ADA) 42 U.S.C. § 12101, et seq. it is stated that short term and potential problems do not count as disabilities. Therefore, under ADA, Plaintiff does not qualify under any state to be impaired or disabled to perform assigned duties as Police Officer. Mr. Terry does not possess any impairment that would substantially limit his ability to work.

15. In *Orr v. Wal-Mart Stores, Inc.*, the Supreme Court responded in stating that "a disability exists only where an impairment substantially limits a major life activity, not where it 'might', 'could', or 'would' be substantially limiting if mitigating measures were not taken." Therefore, through Dr. Bart Rossi's psychological examination, it is apparent that Plaintiff, Mr. Terry does not posses any such impairment that would limit his life activities.

16. In accordance with the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq., Section 504, Plaintiff, Mr. Terry, is at odds with the Rehabilitation Act, in that Plaintiff does not meet the essential requirements of an impaired individual, although the defendant treated him as such. The discriminatory actions taken by the Defendant do not comply with the Rehabilitation Act of 1973.

17. On information and belief, Defendant followed a policy and practice of discrimination against the Plaintiff, in violation of the Americans With Disabilities Act (ADA) 42 U.S.C. § 12101, et seq., Rehabilitation Act of 1973 29 U.S.C. § 701, et seq., and the New Jersey Law Against Discrimination (NJLAD). Defendant treated Plaintiff as if he had a disability, but yet never provided what job requirements he could not fulfill or whether he could perform the duties of a Police Officer. Defendant relied on an evaluation that was provided by an unlicensed psychologist who did not provide valid reasoning for Plaintiff's alleged disability. This action is in violation with the above

referenced statutes.

## V. STATEMENT OF CLAIMS

A. **AMERICANS WITH DISABILITIES ACT (ADA) 42 U.S.C. § 12101, et seq. CHARGES**

18. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 17 as fully set forth herein. This cause of action is pled against Defendant, Town of Morristown.

19. Plaintiff belongs to a class protected under the Americans with Disabilities Act (ADA) 42 U.S.C. § 12101, et seq. Under the ADA, it is illegal to discriminate, or retaliate, in any aspect of employment including physical and mental disabilities. It is also unlawful and illegal to fabricate false information and form bias opinions towards any individual.

20. Plaintiff was treated less favorably than the similarly situated candidates that were not removed from the eligibility list for the position of Police Officer candidate. These circumstances give rise to a clear violation of due to discrimination by the Defendant.

21. The Plaintiff has suffered damages due to the Defendant's actions. In addition to compensatory damages, Plaintiff is entitled to punitive damages and attorney fees.

**B.    REHABILITATION ACT OF 1973 CHARGES , 29 U.S.C. 791 et seq**

22.    Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 21 as fully set forth herein. This cause of action is pled against Defendant, Town of Morristown.

23.    Plaintiff belongs to a class protected under the Rehabilitation Act of 1973 by virtue of the fact Plaintiff, while employed, was a qualified person with able qualities. The Rehabilitation Act of 1973 protects all members from any and all discrimination from their employers or any term or condition of employment to encourage or discourage membership in any labor organization.

24.    Defendant wrongfully discriminated against the Plaintiff due to an invalid and unsubstantiated psychological examination by an unlicensed psychologist. Through this illegal action, Plaintiff was discriminated against and Defendant is in violation of the Rehabilitation Act of 1973.

**C.    NEW JERSEY LAW AGAINST DISCRIMINATION (LAD) CHARGES N.J.S.A. § 10:5 et seq.**

25.    Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 24 as fully set forth herein. This cause of action is pled against Defendant, Town of Morristown.

26.    Plaintiff belongs to a class protected under the New Jersey Law Against Discrimination (LAD) N.J.S.A. § 10:5 et seq., by virtue of the fact Plaintiff, while employed, was a qualified person with able qualities. The NJLAD protects all members from any and all discrimination and retaliation from their employers or any term or condition of employment to encourage or discourage membership in any labor organization.

27. Defendant was in violation of the NJLAD when Defendant intentionally discriminated against Plaintiff in the removal of Plaintiff's name on eligibility list for position of Police Officer. The evidence that caused the Defendant to take this improper action was negative recommendation provided by an individual who acted out of his position and an unofficial psychological examination conducted by an unlicensed and unsupervised psychologist.

D. **PRIVACY ACT OF 1974 CHARGES, 5 U.S.C. § 522a, AS AMENDED**

28. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 27 as fully set forth herein. This cause of action is pled against Defendant, Town of Morristown.

29. Under the provisions of the Privacy Act, 5 U.S.C. § 522a(b), any disclosure of information covered by the Privacy Act is prohibited unless authorized by the prior written consent of the individual whose information is disclosed. Plaintiff did not authorize the Town of Morristown to release information to any third party regarding his psychological evaluation. Defendant, however, released the results of the plaintiff's psychological evaluation to several non-management employees, including Office Briscoe, a member of the Morristown Police Department. Officer Briscoe disseminated this information throughout the entire Department.

30. This violation of the Act was intentional and had an adverse effect on the plaintiff. Employees of the Defendant made offensive and derogatory statements about the plaintiff that were exaggerated and/or fabricated. The plaintiff's reputation throughout the Town of Morristown and the Morristown Police Department was severely diminished.

31. Defendant flagrantly disregarded the plaintiff's rights under the Privacy Act of 1974. The plaintiff suffered damages due to the defendant's disregard of the

plaintiff's rights and the adverse effects plaintiff suffered to the defendant's violation of 5 U.S.C. § 522a, as amended.

## V. COMMON LAW CLAIMS

32. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 31 as if fully set forth herein. The Defendant and its employees did and continue to make defamatory statements about the Plaintiff that are false. Those false statements and documents are published to third parties, and Plaintiff continues to be harmed by such defamatory statements. Each distinct publication of the defamatory statements and records inflict an independent injury from which a separate cause of action continues to arise. Defamatory statements injuring Plaintiff's employment in his chosen occupation or imputing a crime is defamatory *per se*.

33. Defendant released private information about the plaintiff to third parties. These third parties had no right to this information, nor was prior written consent received from the plaintiff. Defendant committed the common law tort of invasion of privacy against the plaintiff.

## VI. JURY DEMAND

34. Plaintiff hereby demands a trial by jury of his peers.

## VII. PRAYER

35. WHEREFORE, Plaintiff, Jeffrey M. Terry, requests judgment against Defendant, Town of Morristown, for:

   a. Cancellation of removal from the eligibility list for the position of Police Officer candidate.

   b. Reinstate Plaintiff to the number one (1) position on the eligibility list.

8

c. back pay, front pay, and all benefits along with pre-judgment and post-judgment interest;

d. Presentation of a hostile free workplace, free from any and all discrimination and retaliation from co-workers, supervisors, and management;

e. Compensatory damages to compensate for the humiliation, degradation, embarrassment, and emotional distress Plaintiff endured both at work and outside of work, in the amount of $1,000,000.00;

f. attorneys fees, costs and expenses incurred as a result of the Defendant's discriminatory acts, as provided for by ADA, NJLAD, Rehabilitation Act of 1973, the Privacy Act of 1974, common law torts, and other applicable statutes;

g. any and all other general or specific relief, both at law and in equity, to which Plaintiff may be justly entitled;

Respectfully submitted,

**CRESCI & BLACK LLC**
PO Box 74, 830 Avenue A
Bayonne, New Jersey 07002-0074
Telephone:   (201) 436-4126/4127
Telecopier:   (201) 436-9220

By: _____
PETER J. CRESCI (PJC 7693)
ATTORNEYS FOR PLAINTIFF