NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEFFREY M. TERRY, | : | |
| Plaintiff, | : | Civil Action No. 06-1788 (JAG) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| TOWN OF MORRISTOWN, | : | |
| Defendants. | : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on Defendants Town of Morristown ("Morristown") and Karl Peter Demnitz's (collectively, "Defendants") motion to dismiss Plaintiff Jeffrey M. Terry's Second Amended Complaint, on the ground that this Court should abstain from hearing the matter due to pending state administrative proceedings. For the reasons set forth below, Defendants' motion will be granted, and Plaintiff's Second Amended Complaint will be dismissed, without prejudice.

## I. INTRODUCTION

Plaintiff initiated the instant action against Defendant Morristown on April 17, 2006. On August 10, 2006, Plaintiff filed a First Amended Complaint. On August 31, 2006, Plaintiff filed a Second Amended Complaint, asserting claims for relief against Defendants Morristown and Demnitz. Plaintiff's Second Amended Complaint asserts causes of action against Defendants for (1) violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"); (2)

1

violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791, et seq.; (3) violation of the New Jersey Law Against Discrimination, N.J. STAT. ANN. § 10:5, et seq.; (4) violation of the Privacy Act of 1974, 5 U.S.C. § 522a; (5) defamation; and (6) invasion of privacy.  On December 27, 2006, Defendants moved to dismiss Plaintiff's Second Amended Complaint on the ground that this Court should abstain from adjudicating the matter because of pending state proceedings.

## II.  FACTUAL BACKGROUND

### A.  Complaint's Allegations

Plaintiff alleges that he was an eligible candidate for the position of police officer with the Morristown Police Department ("MPD").  (Second Amended Complaint ("Compl."), ¶ 6.)  Demnitz, the Chief of Police, sent him a letter, dated December 17, 2004, advising him that he was eligible for employment, based on his successful completion of physical and psychological evaluations.  (Id.)

As a candidate for the position of police officer, Plaintiff was interviewed, tested, and examined at the Institute of Forensic Psychology ("IFP") by an allegedly unqualified and unlicensed psychologist, Matthew Guller.  (Id., ¶¶ 8-9.)  Plaintiff alleges that Guller, without providing any substantial evidence or documentation, reported that his examination revealed that Plaintiff did not meet the psychological standards for the position of police officer.  (Id., ¶ 9.)  Plaintiff contends that Demnitz faxed derogatory information regarding Plaintiff to Guller to insure that Plaintiff would be ineligible for the Police Officer position.  (Id.)

The results of Guller's examination of Plaintiff allegedly were relayed to Morristown and the MPD, which removed Plaintiff from the list of eligible candidates for the Police Officer position, effective February 22, 2005.  (Id., ¶ 10.)  Demnitz advised Plaintiff that he would not be

attending the Police Academy on January 10, 2005. (Id.) Plaintiff further alleges that Defendants failed to provide a legitimate and substantiated reason why Plaintiff could not complete the basic Police Academy training course while accommodating his alleged psychological disability. (Id., ¶ 13.)

Plaintiff contends that a January 3, 2005 report reflects that psychologist Dr. Bart Rossi, Ph.D., had examined him and found him eligible for the police officer position. According to Plaintiff, Dr. Rossi found that Plaintiff would be a "fine addition" to any local police department. (Id., ¶ 11.)

### B.   Prior And Pending State Proceedings

Plaintiff challenged Defendants' rejection of him as a candidate for the police officer position, and the removal of his name from the list of eligible candidates, through an appeal to the New Jersey Department of Personnel Merit System Board ("the Board"). The Board in turn, referred the matter to the Medical Review Panel ("the Panel"). (Ruderman Cert., Exh. D) On October 21, 2005, the Panel held a hearing attended by Defendant Demnitz, on behalf of Morristown; Plaintiff, who was accompanied by counsel; and Dr. Rossi. (Id.) The Panel found that Plaintiff possessed certain psychological traits "identified and supported by test procedures and the behavioral record, specifically, aggression and impulsivity/poor judgment," which "may relate adversely to [Plaintiff's] ability to effectively perform the duties of" a police officer. (Id. at 2.) The Panel found "the issue of aggression in [Plaintiff's] case of 'monumental concern.'" (Id.) Based on these findings, the Panel ordered that Plaintiff undergo an independent psychological evaluation by a New Jersey licensed psychologist to determine if Plaintiff was psychologically fit to fulfill the position of police officer in light of the evidence of his propensity toward

aggression, poor judgment, impulsive nature.  (Id. at 3.)

On January 7, 2006, Plaintiff underwent a psychological examination by an independent psychologist, Dr. Robert Kanen, Ph.D.  (Ruderman Cert., Exh. E.)  Based on his detailed findings, Dr. Kanen concluded that Plaintiff "is considered psychologically unsuitable to perform the duties of a police officer and is not recommended."  (Id. at 12.)

Through his counsel, on March 6, 2006, Plaintiff filed exceptions to Dr. Kanen's evaluation.  (Ruderman Cert., Exh. F.)  The Board reviewed Plaintiff's exceptions and appeal of his rejection as a police officer candidate, and on May 24, 2006, concluded that Plaintiff "is psychologically unfit to perform effectively the duties of a Police Officer, and, therefore, the Board orders that his name be removed from the subject eligible list."  (Ruderman Cert., Exh. F.)  The Board's decision indicated that it was the "final administrative determination in this matter," and that "[a]ny further review should be pursued in a judicial forum."  (Id. at 5.)

On May 25, 2006, Plaintiff appealed the Board's decision to the Superior Court of New Jersey, Appellate Division.  (Ruderman Cert., Exh. H.)  Plaintiff's appeal is still pending before the Superior Court.[1]

### III. DISCUSSION

Defendants argue that this Court should abstain from hearing this matter because there are pending administrative proceedings regarding Plaintiff's candidacy for duty as a police officer. They argue for abstention, pursuant to Younger v. Harris, 401 U.S. 37 (1971).

---

[1] On July 10, 2007, this Court contacted the Appellate Division, which has confirmed that, to date, no decision has been rendered on Plaintiff's appeal.

**A.     Legal Standard Governing *Younger* Abstention**

Younger v. Harris, 401 U.S. 37 (1971), and its progeny, espouse a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances. The policy underlying Younger abstention includes the notion of "comity," which consists of "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Id. at 44. "Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).

Though Younger pertained to state criminal cases, the principles set forth in Younger are equally applicable to "noncriminal judicial proceedings." Id. at 432.

"Younger abstention is only appropriate where the following three requirements are satisfied: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Addiction Specialists, Inc. v. Township of Hampton, 411 F.3d 399, 408 (3d Cir. 2005) (Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

**B.     Whether The Court Should Abstain From This Action**

**1.     *There Is A Pending State Judicial Proceeding***

First, this Court finds that the state court appeal of the administrative rejection of Plaintiff

as a candidate for the police officer position qualifies as a pending state judicial proceeding.

State administrative proceedings are "judicial proceedings" to which Younger is applicable, so long as those proceedings vindicate "important state interests," and "so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate his constitutional claim." Ohio Civil Rights Com'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 627 (1986). Even where state administrative proceedings do not afford the plaintiff a full and fair opportunity to litigate his federal claims, Younger still mandates abstention where "the state's judicial review of the administrative proceeding provides opportunity for *de novo* hearing of the constitutional claim." Ford Motor Co. v. Ins. Com'r of Com. Of Pa., 874 F.2d 926, 932-33 (3d Cir. 1989) (citing Dayton Schools, 477 U.S. at 629; Watts v. Burkhart, 854 F.2d 839 (6th Cir. 1988); Christ the King Regional High School v. Calvert, 815 F.2d 219 (2d Cir.), cert. denied 484 U.S. 830 (1987)).

Under New Jersey law, individuals dissatisfied with an administrative decision may seek review of that administrative action in the Appellate Division of the Superior Court of New Jersey. See N.J. Ct. R. 2:2-3(a)(2) ("appeals may be taken to the Appellate Division as of right to review final decisions or actions of any state administrative agency or officer").

Here, Plaintiff has sought review in the Appellate Division of the Superior Court of New Jersey of the state administrative decision refusing his candidacy for the police officer position. (Ruderman Cert., Exh. H.) This appeal to the state court is unquestionably judicial in nature. Thus, the first prong of the Younger abstention inquiry has been satisfied.

    **2.**    *The Pending State Proceeding Implicates Important State Interests*

Second, this Court finds that the pending state proceeding implicates important state

interests.  The State of New Jersey has a significant interest in "maintaining and assuring the professional conduct" of its police force.  See, e.g., Robinson v. Lother, No. 04 C 2382, 2004 WL 2032120, at *6 (N.D. Ill. Sept. 1, 2004) ("the behavior of police officers in effectuating arrests" implicates an important state interest); Dowden v. City of Sacramento, 40 F. Supp. 2d 1146, 1149 (E.D. Cal. 1999) (the state has a strong interest in conduct of its peace officers and the disciplinary scheme it has established to address officer misconduct); McDonald v. Metro-North Commuter R.R. Div. of Metro. Transit Auth., 565 F. Supp. 37, 40-41 (S.D.N.Y. 1983) (the state has a compelling interest in maintaining honesty and integrity of police officers).  Cf. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 434 (finding an important state interest attendant with "maintaining and assuring the professional conduct of the attorney's . . . [New Jersey] licenses").

      The pending state proceedings in the Appellate Division of the state court addresses the state's conduct concerning the screening of candidates for police officer positions.  Plaintiff's action specifically concerns the ability of municipalities to exclude from consideration a candidate for the position of police officer based on psychological evaluations indicating that the candidate is aggressive, has poor judgment, and is impulsive in nature.  Circumstances, such as the ones surrounding Plaintiff's appeal of the administrative termination of his candidacy for the police officer position, unquestionably implicate the important state interest in regulating officer behavior, and insuring the professional conduct of its police force.  Thus, the second prong of the Younger abstention inquiry is satisfied.

### 3. *The State Proceeding Affords An Adequate Opportunity For Plaintiff To Raise His Claims*

Third, this Court finds that the pending state proceeding does afford Plaintiff an adequate opportunity to raise his claims. As the Third Circuit has held, the third prong of the Younger abstention inquiry "is satisfied in the context of a state administrative proceeding when the federal claimant can assert his constitutional claims during state-court judicial review of the administrative determination." O'Neill v. Philadelphia, 32 F.3d 785, 792 (3d Cir. 1994); see also Zahl v. Harper, 282 F.3d 204, 210 (3d Cir. 2002). Plaintiff's challenge to the state administrative action is currently before the New Jersey Appellate Division, which is a forum that will allow him to raise his claims.

Accordingly, the state proceedings in the instant case meet each of the three prongs of the test mandating Younger abstention.

### III. CONCLUSION

For the foregoing reasons, this Court finds that it must abstain from hearing this action, pursuant to Younger v. Harris, 41 U.S. 37. Defendants' motion to dismiss is granted, and Plaintiff's Second Amended Complaint is dismissed, without prejudice.

Dated: July 17, 2007                                         s/ Joseph A. Greenaway, Jr.
                                                             JOSEPH A. GREENAWAY, JR., U.S.D.J.