<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT</u>
<u>FOR THE DISTRICT OF NEW JERSEY</u>

_____
:
JEFFREY M. TERRY,                                          :
                                                                         :
                    Plaintiff,                                     :
                                                                         :                    Civil Action No. 06-1788 (JAG)
                    v.                                                :
                                                                         :                              **OPINION**
TOWN OF MORRISTOWN and                         :
KARL PETER DEMNITZ, Individually,          :
                                                                         :
                    Defendants.                                 :
_____:

<u>**GREENAWAY, JR., U.S.D.J.**</u>

         This matter comes before this Court on Plaintiff Jeffrey M. Terry's ("Terry," or

"Plaintiff") motion for reconsideration of this Court's Opinion and Order dated July 17, 2007,

which granted the motion to dismiss the Second Amended Complaint filed by Defendants Town

of Morristown ("Morristown") and Karl Peter Demnitz ("Demnitz," and, collectively with

Morristown, the "Defendants").  For the reasons set forth below, the motion for reconsideration

shall be granted.

## I.  BACKGROUND

**A.        The Allegations**

         Plaintiff was a candidate eligible for the position of police officer at the police department

in Morristown.  (Second Am. Compl. ¶ 6.)  As the first candidate on the eligibility list, Plaintiff

was required to undergo psychological testing.  (Id. ¶ 8.)  Plaintiff was interviewed, tested, and

examined at the Institute of Forensic Psychology by Matthew Guller ("Guller"), who Plaintiff

purports is an unlicensed and unqualified psychologist.  (Id. ¶ 9.)  Plaintiff alleges that Demnitz,

the Chief of Police, faxed derogatory information to Guller that caused Guller to conclude that

Plaintiff did not meet the requisite psychological standards.  (Id.)  The results of the psychological

exam were communicated to both Morristown and the Morristown Police Department.  (Id. ¶

10.)  Plaintiff was subsequently removed from the eligibility list for the position of police officer.

(Id.)

       Plaintiff contends that a January 3, 2005 report reflects that psychologist Dr. Bart Rossi,

Ph.D., had examined him and found him eligible for the police officer position.  According to

Plaintiff, Dr. Rossi concluded that Plaintiff would be a "fine addition" to any local police

department.  (Id. ¶ 11.)

## B.    Prior And Pending State Proceedings

       Plaintiff challenged his rejection by Defendants as a candidate for the police officer

position, and the removal of his name from the list of eligible candidates, through an appeal to

the New Jersey Department of Personnel Merit System Board ("the Board").  The Board in turn

referred the matter to the Medical Review Panel ("the Panel").  (Ruderman Cert., Ex. D.)[1]  On

October 21, 2005, the Panel held a hearing attended by Demnitz, on behalf of Morristown;

Plaintiff, who was accompanied by counsel; and Dr. Rossi.  (Id.)  The Panel found that Plaintiff

possessed certain psychological traits "identified and supported by test procedures and the

behavioral record, specifically, aggression and impulsivity/poor judgment," which "may relate

adversely to [Plaintiff's] ability to effectively perform the duties of" a police officer.  (Id. at 2.)

_____

       [1]  The Certification of Suzanne Ruderman, and the exhibits attached thereto, accompanied
the motion to dismiss filed by the Defendants on December 27, 2006.  (Docket Entry No. 12.)

2

The Panel found "the issue of aggression in [Plaintiff's] case of 'monumental concern.'" (Id.)

Based on these findings, the Panel ordered that Plaintiff undergo an independent psychological evaluation by a New Jersey licensed psychologist to determine if Plaintiff was psychologically fit to assume the position of police officer in light of the evidence of his propensity toward aggression, poor judgment, and an impulsive nature. (Id. at 3.)

On January 7, 2006, Plaintiff underwent a psychological examination by an independent psychologist, Dr. Robert Kanen, Ph.D. (Ruderman Cert., Ex. E.) Based on his detailed findings, Dr. Kanen concluded that Plaintiff "is considered psychologically unsuitable to perform the duties of a police officer and is not recommended." (Id. at 12.)

Through his counsel, on March 6, 2006, Plaintiff filed exceptions to Dr. Kanen's evaluation. (Ruderman Cert., Ex. F.) The Board reviewed Plaintiff's exceptions and appeal of his rejection as a police officer candidate, and on May 24, 2006, concluded that Plaintiff "is psychologically unfit to perform effectively the duties of a Police Officer . . . ." (Id.) Consequently, "the Board order[ed] that his name be removed from the subject eligible list." (Id.) The Board's decision indicated that it was the "final administrative determination in this matter," and that "[a]ny further review should be pursued in a judicial forum." (Id. at 5.)

On May 25, 2006, Plaintiff appealed the Board's decision to the Superior Court of New Jersey, Appellate Division. (Ruderman Cert., Exh. H.) On August 21, 2007, the New Jersey Superior Court, Appellate Division, entered an order resolving Plaintiff's appeal. (Pl. Reply Br. 1.)[2]

---

[2] On March 4, 2008, this Court contacted the Appellate Division, which confirmed that it had affirmed the Board's decision in a ruling it filed on August 22, 2007.

C.      **The Federal Court Proceeding**

Plaintiff initiated the instant action against the Defendants on April 17, 2006, then filed a First Amended Complaint on August 10, 2006.  On August 31, 2006, Plaintiff filed a Second Amended Complaint.  The Second Amended Complaint asserts causes of action against Defendants for (1) violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, et seq. ("ADA"); (2) violation of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 791, et seq.; (3) violation of the New Jersey Law Against Discrimination, N.J. STAT. ANN. § 10:5, et seq.; (4) violation of the Privacy Act of 1974 (the "Privacy Act"), 5 U.S.C. § 522a;[3] (5) defamation; and (6) invasion of privacy.

On December 27, 2006, Defendants filed a motion to dismiss the Second Amended Complaint, arguing that abstention was appropriate due to parallel proceedings pending in state court.  In an Opinion and Order dated July 17, 2007, after applying the abstention doctrine set forth by the Supreme Court in Younger v. Harris, 401 U.S. 37 (1971), this Court granted Defendants' motion to dismiss.

Ten days later, on July 27, 2007, Plaintiff filed a motion for reconsideration of this Court's July 17, 2007 decision.  Plaintiff argues that this Court erred in analyzing the third element of the Younger abstention doctrine, namely, whether the pending state proceedings offer Plaintiff an adequate opportunity to raise his federal claims.  Plaintiff submits that he cannot present his claims under the ADA, the Rehabilitation Act, and the Privacy Act because such claims fall exclusively under the jurisdiction of the federal courts.  Plaintiff also argues in his

---

[3]  The Second Amended Complaint incorrectly lists the citation for the Privacy Act, which is codified at 5 U.S.C. § 552a.

reply brief that the first prong of the <u>Younger</u> abstention doctrine is no longer satisfied because the state court proceeding has concluded.

## II. <u>LEGAL STANDARD</u>

A motion to reconsider, pursuant to FED. R. CIV. P. 59(e) and L. CIV. R. 7.1(i), is "an extremely limited procedural vehicle," and requests pursuant to these rules are to be granted "sparingly." <u>P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.</u>, 161 F. Supp. 2d 349, 353 (D.N.J. 1992) (citing <u>Maldonado v. Lucca</u>, 636 F. Supp. 621, 630 (D.N.J. 1986)).  The Third Circuit has held that the purpose of a motion to reconsider is to "correct manifest errors of law or fact or to present newly discovered evidence."  <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985), <u>cert. denied</u>, 476 U.S. 1171 (1986).

A court may grant a motion to reconsider only if the moving party shows either: (1) an intervening change in the controlling law; (2) the existence of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  <u>See</u> <u>N. River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995).  To satisfy its burden, the moving party must show "dispositive factual matters or controlling decisions of law" that were brought to the court's attention but not considered.  <u>P. Schoenfeld Asset Mgmt. LLC</u>, 161 F. Supp. 2d at 353; <u>see also</u> <u>Pelham v. United States</u>, 661 F. Supp. 1063, 1065 (D.N.J. 1987).  "The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached."  <u>P. Schoenfeld Asset Mgmt., L.L.C.</u>, 161 F. Supp. 2d at 352.  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and argument considered by the court before rendering its original

decision fails to carry the moving party's burden.'" Id. (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (internal citations omitted)).

The "proper ground for granting a motion to reconsider, therefore, is that the matters or decisions overlooked, if considered by the court, 'might reasonably have altered the result reached.'" G-69, 748 F. Supp. at 275 (quoting New York Guardian Mortgagee Corp. v. Cleland, 473 F. Supp. 409, 420 (S.D.N.Y. 1979)).

### III. ANALYSIS

Younger espouses a strong federal policy against federal court interference with pending state judicial proceedings, absent extraordinary circumstances. 401 U.S. at 49. "Younger abstention is only appropriate where the following three requirements are satisfied: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005) (citing Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

In Plaintiff's Memorandum In Support Of Motion For Reconsideration Of Order Of Dismissal, Plaintiff concedes that the first two prongs of the Younger test have been satisfied in this action, as the appeal of the Board's decision filed in New Jersey Superior Court constitutes a pending state judicial proceeding that implicates important state interests. (Pl. Br. 3.) However, Plaintiff notes in his reply brief that the state court proceeding culminated on August 21, 2007, before the briefing for the motion for reconsideration had concluded. (Pl. Reply Br. 1.) This new evidence alters this Court's original conclusion that there exists a parallel proceeding in state

court in which Plaintiff may raise his federal court claims.[4]

_____

[4] Plaintiff also argued that the third prong of the <u>Younger</u> test was not met, as the proceeding in state court did not provide an opportunity to raise his claims under the ADA, the Rehabilitation Act, and the Privacy Act. The role of the Appellate Division in reviewing decisions by the Board is "narrowly circumscribed" to determining whether the Board's findings could have been reached based on the evidence present in the record.  <u>In re Taylor</u>, 731 A.2d 35, 41 (N.J. 1999).  Under that standard, the scope of judicial review of an agency's decision is restricted to four inquiries: (1) whether the agency's decision offends the state or federal Constitution; (2) whether the agency's action violates express or implied legislative policies; (3) whether the record contains substantial evidence to support the findings on which the agency based its action; and (4) whether the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.  <u>Id.</u>  The Appellate Division's limited scope of review creates ambiguity as to whether Plaintiff could assert claims under the ADA, the Rehabilitation Act and the Privacy Act that were not raised before the Board. However, this Court need not resolve this ambiguity, given that the state court proceeding is no longer pending.

In addition, although state courts hold concurrent jurisdiction with federal courts such that they may hear claims filed pursuant to the ADA or the Rehabilitation Act, <u>see</u> <u>Krouse v. Amer. Sterilizer Co.</u>, 872 F. Supp. 203, 205-06 (W.D. Pa. 1994) (recognizing that state courts have concurrent jurisdiction over ADA claims); <u>Spaulding v. Mingo Cty. Bd. of Ed.</u>, 897 F. Supp. 284, 288 (S.D. W.Va. 1995) (noting that many courts have concluded that state courts have concurrent jurisdiction with federal courts to resolve claims under the Rehabilitation Act), the Privacy Act expressly provides that jurisdiction lies in the district court of the United States.  5 U.S.C. § 552a(g)(1).  Such language indicates an intention by Congress to bestow jurisdiction exclusively in the federal courts, and not the state courts.  <u>See</u> <u>Sipe v. Amerada Hess Corp.</u>, 689 F.2d 396, 405 (3d Cir. 1982) ("State courts have concurrent jurisdiction with federal district courts over cases arising under the Constitution, laws or treaties of the United States, unless exclusive jurisdiction has been granted to the federal courts.").  Although Plaintiff's claim under the Privacy Act should have remained before this Court, that point is now moot.

## IV.  **CONCLUSION**

For the reasons stated above, Plaintiff's motion for reconsideration of this Court's July 17, 2007 Opinion and Order is granted.


 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: March 18, 2008

8