**FOX ROTHSCHILD LLP**
**Formed in the Commonwealth of Pennsylvania**
Attorneys for Defendants
Town of Morristown and Karl Peter Demnitz, individually
75 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone: (973) 992-4800
Facsimile: (973) 992-9125
By:   Dominick Bratti, Esq. (DB/6123)
      Suzanne J. Ruderman, Esq. (SR/1111)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY M. TERRY,<br><br>        Plaintiff,<br><br>v.<br><br>TOWN OF MORRISTOWN and ,<br>KARL PETER DEMNITZ, Individually,<br><br>        Defendants. | Civil Action No.:  06-1788 (JAG)<br><br>**ANSWER TO SECOND AMENDED COMPLAINT**<br>**AND AFFIRMATIVE DEFENSES**<br><br>**DOCUMENT ELECTRONICALLY FILED** |

Defendants the Town of Morristown, a municipality situated in the County of Morris,

State of New Jersey and Karl Peter Demnitz, individually, (hereinafter collectively referred to as

"Defendants") by and through their attorneys, Fox Rothschild LLP, state in answer to the Second

Amended Complaint:

1.      The allegations contained in paragraph 1 of Plaintiff's Second Amended

Complaint are not factual allegations to which a response is required.  To the extent that a

response is required, the allegations are denied.

## AS TO THE PARTIES

2.      Defendants admit that Plaintiff is an individual who resides in the State of New Jersey but lack sufficient information to either admit or deny the remaining allegations contained in paragraph 2 of the Plaintiff's Second Amended Complaint.

3.      Defendants admit that Defendant Town of Morristown is a located in New Jersey. The remaining allegations contained in paragraph 3 constitute legal conclusions to which no response is required.

## AS TO JURISDICTION

4.      The allegations contained in paragraph 4 constitute legal conclusions to which no response is required.

## AS TO EXHAUSTION OF ADMINISTRATIVE PROCEDURES

5.      Defendants admit that Plaintiff filed a charge with the Equal Employment Opportunity Commission on or about October 24, 2005 bearing Charge No. 171-2006-00102. Defendants neither admit nor deny the remaining allegations contained in paragraph 5 of Plaintiff's Second Amended Complaint, and leave Plaintiff to his proofs.

## AS TO PLAINTIFF'S ALLEGED STATEMENT OF FACTS

6.      Defendants deny the allegations contained in paragraph 6 of Plaintiff's Second Amended Complaint, except to admit that Plaintiff was a candidate for a position as a Police Officer.

7.      Defendants deny the allegations contained in paragraph 7 of the Plaintiff's Second Amended Complaint, except to admit that Plaintiff has held the position of Communications Officer from August 12, 2002 to the present.

2

8.    Defendants deny the allegations contained in paragraph 8 of the Plaintiff's Second Amended Complaint, except to admit that Plaintiff was required to undergo psychological testing.

9.    Defendants deny the allegations contained in paragraph 9 of the Plaintiff's Second Amended Complaint, except to admit that Matthew Guller, J.D., Ph.D. of the Institute of Forensic Psychology ("IFP") interviewed and examined Plaintiff, and that he did not recommend Plaintiff for appointment.

10.    Defendants admit the allegations contained in paragraph 10 of the Plaintiff's Second Amended Complaint.

11.    Defendants admit that Plaintiff retained Bart Rossi, Ph.D. to perform a psychological examination of Plaintiff, and that he  issued a report dated January 3, 2005, the contents of which speak for themselves.

12.    The allegations contained in paragraph 12 of the Plaintiff's Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response if required, Defendants deny the allegations contained in paragraph 12.

13.    Defendants deny the allegations contained in paragraph 13 of the Plaintiff's Second Amended Complaint.

14.    The allegations contained in paragraph 14 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

15.    The allegations contained in paragraph 15 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 15 are denied.

3

16.     The allegations contained in paragraph 16 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 16 are denied.

17.     Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Second Amended Complaint.

**AS TO PLAINTIFF'S  STATEMENT OF ALLEGED CLAIMS**

**AS TO PLAINTIFF'S ALLEGED CLAIM PURSUANT TO
THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et seq.**

18.     Defendants repeat and make a part hereof, as if set forth fully at length, their answers to paragraphs 1 through 17 of the Plaintiff's Second Amended Complaint.

19.     The allegations contained in paragraph 19 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

20.     Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Second Amended Complaint.

21.     Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Second Amended Complaint.

**AS TO PLAINTIFF'S ALLEGED CLAIM PURSUANT TO
THE REHABILITATION ACT OF 1973, 29 U.S.C. 791, et seq.**

22.     Defendants repeat and make a part hereof, as if set forth fully at length, their answers to paragraphs 1 through 21 of the Plaintiff's Second Amended Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Second Amended Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the Plaintiff's Second Amended Complaint.

4

## AS TO PLAINTIFF'S ALLEGATIONS PURSUANT TO
## THE NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. §10:5, et seq.

25.     Defendants repeat and make a part hereof, as if set forth fully at length, their answers to paragraphs 1 through 24 of the Plaintiff's Second Amended Complaint.

26.     The allegations contained in paragraph 26 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

27.     Defendants deny the allegations contained in paragraph 27 of the Plaintiff's Second Amended Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the Plaintiff's Second Amended Complaint.

## AS TO PLAINTIFF'S ALLEGATIONS PURSUANT TO
## THE PRIVACY ACT OF 1974, 5 U.S.C. §522(a), AS AMENDED

29.     Defendants repeat and make a part hereof, as if set forth fully at length, their answers to paragraphs 1 through 28 of the Plaintiff's Second Amended Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Plaintiff's Second Amended Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Plaintiff's Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Plaintiff's Complaint.

## AS TO PLAINTIFF'S ALLEGED COMMON LAW CLAIMS

33.     Defendants repeat and make a part hereof, as if set forth fully at length, their answers to paragraphs 1 through 32 of the Plaintiff's Second Amended Complaint.  Additionally,

5

Defendants deny the allegations contained in paragraph 33 of the Plaintiff's Second Amended

Complaint.

34.    Defendants deny the allegations contained in paragraph 34 of Plaintiff's Second

Amended Complaint.

**WHEREFORE**, Defendants the Town of Morristown and Karl Peter Demnitz,

Individually, request judgment dismissing the Plaintiff's Second Amended Complaint against

them with prejudice, together with its attorneys' fees and costs of suit.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which an award of punitive

damages can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which an award of attorneys'

fees can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has waived any claim he may have, which is denied, to seek relief against

Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped and barred by his own conduct from recovering any relief.

RL1 566206v1

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or the damages he may recover, are barred or at least reduced by his failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the claims set forth in the Second Amended Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred by the applicable statutes of limitations.

## NINTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred because the applicable administrative procedures and conditions precedent were not properly effectuated or complied with prior to the commencement of this action.

## TENTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff purports to allege a claim or claims for negligence or for physical or mental and emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New Jersey Workers' Compensation Act, N.J.S.A., §34:15-1, et seq.

## ELEVENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants relied on legitimate nondiscriminatory factors/reasonable factors with regard to decisions/conduct relating to Plaintiff's employment.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred by the insufficiency of process and/or insufficiency of service of process.

### FOURTEENTH AFFIRMATIVE DEFENSE

This action is barred by the doctrine of laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims in Plaintiff's Second Amended Complaint are frivolous and without basis in law and/or fact and/or are made maliciously and/or in reckless disregard of the law/facts. As such, Plaintiff and/or his counsel subject to an award against them for fees, including reasonable attorneys' fees, incurred by Defendants in defending against this action.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants enjoy a qualified and/or absolute immunity from suit as a matter of law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants breached no duty owing to the Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction of this action because the Plaintiff's claims are arbitrable pursuant to the terms of the applicable collective bargaining agreement.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants reasonably relied upon the psychological examinations performed by independent third-parties.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the New Jersey Tort Claims Act, N.J.S.A. §59:1-1, et seq.

8

## TWENTY FIRST AFFIRMATIVE DEFENSE

Any statements made by Defendants in conjunction with Plaintiff's employment and/or application for employment were true.

## TWENTY SECOND AFFIRMATIVE DEFENSE

Any statements made by Defendants in conjunction with Plaintiff's employment and/or application for employment were privileged.

## ADDITIONAL DEFENSES RESERVED

Defendants reserve the right to amend their Answer to assert additional defenses as the claims of Plaintiff become more fully disclosed during the course of the litigation.

WHEREFORE, Defendants request judgment dismissing the Complaint against them with prejudice, together with their attorneys' fees and costs of suit.

**FOX ROTHSCHILD LLP**
Attorneys for Defendants,
Town of Morristown and
Karl Peter Demnitz, individually

Dated: May 15, 2008

By:   s/ Suzanne J. Ruderman
        Suzanne J. Ruderman, Esq.(SR/1111)
        75 Eisenhower Parkway
        Roseland, New Jersey, 07068
        Telephone:  (973) 992-4800
        Facsimile:  (973) 992-9125
        sruderman@foxrothschild.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a copy of the foregoing Answer to Second

Amended Complaint and Affirmative Defenses to be served upon plaintiff electronically

pursuant to Local Rule 5.2 and by mailing same, via prepaid first class U.S. mail to Peter J.

Cresci, Esq., attorney for plaintiff Jeffrey M. Terry, with offices located at Cresci & Black LLC,

P.O. Box 74, 830 Avenue A, Bayonne, New Jersey 07002-0074, on the date set forth below.

I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

**FOX ROTHSCHILD LLP**
Attorneys for Defendants
Town of Morristown and
Karl Peter Demnitz, individually

Dated: May 15, 2008

By:   s/ Suzanne J. Ruderman
      Suzanne J. Ruderman, Esq.(SR/1111)
      75 Eisenhower Parkway
      Roseland, New Jersey, 07068
      Telephone:  (973) 992-4800
      Facsimile:  (973) 992-9125
      sruderman@foxrothschild.com

10